IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES FREDRICK ROBERTS, III, | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:22-CV-2214-X-BK |
| | § | |
| DALLAS COUNTY, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. The Court granted Charles Fredrick Roberts' motion to proceed *in forma pauperis* but did not issue process. Doc. 1. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.[1]

**I. BACKGROUND**

On September 20, 2022, Roberts filed a *pro se* complaint against Dallas County, "Several Other Counties Nationwide," and the Grand Prairie Jail. Doc. 1. As best the Court can glean from the complaint, Roberts complains that his First and Fourth Amendments "were and are still being violated." Doc. 1 at 1. That said, the amended complaint is nonsensical, and the claims asserted are irrational. Indeed, Roberts fails to state a cause of action or allege any coherent facts from which the Court can discern a cognizable cause of action.

---

[1] This action was transferred from the Fort Worth Division. Doc. 7.

By example, Roberts asserts that Defendants have violated his religious freedom and his family's Fourth Amendment rights due to "sexual immorality." Doc. 1 at 2. He alleges that he needs "a lifetime gag order on everything [and] everyone" and that he wants "to prevent terrorism" or "rape" of his loved ones. Doc. 1 at 1-2. Roberts avers that he has supporting authority in the scriptures and that he has "been subjegated [sic] to intense interrogations illegal in the USA which includes nudity and other sexual immoralities that God does not approve of." Doc. 1 at 3; *see also* Attachment to Complaint, Doc. 10 and Doc. 10-1 (over 80 pages).

As illustrated by the foregoing, Roberts fails to present a cognizable claim and his factual contentions are delusional. As such, this action should be dismissed as frivolous.

**II. ANALYSIS**

Roberts' complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides *inter alia* for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Roberts has failed to state a cognizable legal claim or anything that can be construed as such. Moreover, he offers no legal authority and, as illustrated here, his factual contentions are

clearly baseless and inadequate to support any cognizable claim and appear irrational and incredible. *See Denton*, 504 U.S. at 33. Consequently, Roberts' complaint should be dismissed with prejudice as factually and legally frivolous.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed herein Roberts has wholly failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is highly unlikely that, given the opportunity, Roberts could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

For the foregoing reasons, it is recommended that Roberts' complaint be **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED** on October 25, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).